**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| NATIONAL COAL CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 3:07-cv-49 |
| | ) |
| NATIONAL UNION FIRE INS. CO. OF | ) |
| PITTSBURGH, PA. and | ) |
| AMERICAN INTERNATIONAL GROUP, INC., | ) |
| | ) |
| Defendants. | ) |

---

## NOTICE OF REMOVAL

---

COMES NOW the defendant, National Union Fire Insurance Company of Pittsburgh, PA. (hereinafter "National Union"), by and through its counsel, and pursuant to 28 U.S.C §§ 1332, 1441 and 1446, respectfully removes this cause from the Chancery Court for Campbell County, Tennessee to the United States District Court, Eastern District of Tennessee. In support hereof, National Union states as follows:

### *Parties/Diversity*

1.  The plaintiff, National Coal Corporation (hereinafter "National Coal"), is deemed to be a citizen of the State of Tennessee because it is a corporation organized under the laws of the State of Tennessee. See Complaint, ¶ 1 ("The Plaintiff is a Tennessee corporation which operates coal mining facilities in Campbell County and maintains a place business [sic.] 241 Myers Street, Jacksboro, Campbell County, Tennessee 37757.").

2.     National Union is deemed to be a citizen of the State of Pennsylvania because it is a corporation organized under the laws of the State of Pennsylvania and its principal place of business is in New York.  American International Group, Inc. is deemed to be a citizen of the State of Delaware because it is a corporation organized under the laws of the State of Delaware and its principal place of business is in New York.

3.     There is complete diversity of citizenship between the plaintiff and the defendant as required by 28 U.S.C. §1332.

## *Plaintiff's Allegations*

4.     This case involves a dispute over the determination of the amount workers' compensation insurance premiums due the defendants.  In the Complaint, National Coal alleges that the defendants waived their right to seek additional premiums. See Complaint ¶ 8. National Coal demands a judgment declaring that it "owes no further premium under the applicable policy." See Complaint ¶ B.

## *Amount in Controversy*

5.     Based upon National Coal's November 27, 2006 letter to counsel for National Union stating that "[t]he gamesmanship is at an end.  Enclosed please find a check in the amount of $183,393.65.  This amount represents National Coal's offer of settlement in the above-referenced matter," the amount in controversy exceeds the sum or value of $75,000 as required by 28 U.S.C. § 1332 for establishing original jurisdiction in this Court. See attached November 27, 2006 letter from counsel for National Coal.[1]

---

[1]     See Vermande v. Hyundai Motor America, Inc., 352 F. Supp. 2d 195, 201 (D. Conn. 2004) *quoting* Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir.2002)( "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim") and Dozier v. Kentucky Finance Co., Inc., 319 F. Supp. 2d 716, 718 (S.D. Miss. 2003)("[A] settlement letter can be sufficient to constitute an 'other paper' which makes a case removable where the settlement request demands an amount over the jurisdictional minimum").

6.      This Court has original jurisdiction over this civil action by virtue of 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. The case was timely removed under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within 30 days after receipt by National Union of the summons and complaint. A copy of the state court complaint is attached. This is the only pleading received in this case.

7.      This suit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

8.      Notice of this Removal is being filed contemporaneously with the Clerk & Master of the Chancery Court for Campbell County, Tennessee.

Dated: February 9, 2007.


Joseph P. Rusnak (#012464)
**TUNE, ENTREKIN & WHITE, P.C.**
AmSouth Center, Suite 1700
315 Deaderick Street
Nashville, TN  37238
(615) 244-2770 Voice
(615) 244-2778 Telecopy
Jrusnak@tewlawfirm.com


Robert M. Bailey (#006588)
Bailey, Roberts & Bailey, P.L.L.C.
P. O. Box 2189
Knoxville, TN  37901
(865) 546-3533 Voice
(865) 546-2285 Telecopy
Brblaw@aol.com

Local Counsel for National Union Fire Insurance
    of Pittsburgh, PA.

*Page 3 of  4*

**OF COUNSEL:**

Leonard D. Lerner, Esquire
Lerner & Weiss
21550 Oxnard Street, Suite 1060
Woodland Hills, CA 91367
Telephone:   818-986-0893
Facsimile:   818-385-3576
E-Mail:        leonardl@lernerweisslaw.com

## Certificate of Service

     I hereby certify that a true and exact copy of the foregoing "Notice of Removal" has been served upon the following counsel for parties in interest herein by delivering same to the offices of said counsel, by telecopy or by mailing same to the office of said counsel by United States mail with sufficient postage thereon to carry the same to its destination:

John B. Dupree, Esq.
McGehee, Newton, Stewart, et al.
The Stuart, Suite Two
709 Market Street
Knoxville, TN  37902
(VIA Telecopier No.  865-281-8462)

     Dated: February 9, 2007.

Joseph P. Rusnak

*H:\JPRAssistant\JPR\National Union\Notice of Removal.wpd*

*Page 4 of 4*