IN THE CHANCERY COURT FOR CAMPBELL COUNTY, TENNESSEE

NATIONAL COAL CORPORATION, )
)
Plaintiff, )
)
v. ) No. 06-138
)
NATIONAL UNION FIRE INSURANCE )
COMPANY OF PITTSBURGH, P.A. & )
AMERICAN INTERNATIONAL GROUP, )
INC., )
)
Defendants. )

## COMPLAINT

Comes the Plaintiff, National Coal Corporation (Hereinafter "National Coal"), by and through counsel, and for its Complaint against the Defendants, Nation Union Fire Insurance Company of Pittsburgh, P.A. & American International Group, Inc. (Hereinafter collectively "Defendants") pleads and avers as follows:

1. The Plaintiff is a Tennessee corporation which operates coal mining facilities in Campbell County and maintains a place of business 241 Myers Street, Jacksboro, Campbell County, Tennessee 37757.

2. The Defendants are foreign insurance companies doing business in the State of Tennessee. The Defendants can be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance pursuant to *Tennessee Code Annotated* § 56-2-103(a)(3).

3. This Honorable Court has jurisdiction over this matter pursuant to *Tenn. Code Ann.* § 16-11-101 and § 16-11-102. Venue is proper in this Honorable Court pursuant to *Tenn. Code Ann.* § 16-11-114(3). This matter is brought, in part, pursuant to

estimated in the original quote. Defendants demanded an addition $947,384.49 in premium.

7. Defendants knew at the outset of the policy period how the payroll classifications were allocated with National Coal and gave no indication that the payroll would be reclassified once the policy period was complete. Further, upon notice that new facilities had been purchased by National Coal and upon receipt of all necessary information regarding the acquisitions, Defendants gave no indication that any of the payroll would be reclassified in rendering its premium estimates. Thus, in reliance upon the representations of Defendants and/or their agents, National Coal remained insured with Defendants through the policy period.

8. Defendants herein are not entitled to any additional premium under the insurance contract because Defendants waived their right to seek the premium, because Defendants negligently or intentionally misrepresented their intentions with regard to payroll classification, because Defendants fraudulently induced National Coal to enter into the insurance contract and/or continue coverage under the insurance contract, because Defendants breached their duty of good faith and fair dealing, because the unfair and deceptive conduct of Defendants violated the Tennessee Consumer Protection Act and because the reallocation of payroll was in breach of the insurance contract.

WHEREFORE, Plaintiff National Coal Corporation demands the following:

A. That proper process issue to the Commissioner of the Tennessee Department of Commerce and Insurance for the Defendants Nation Union Fire Insurance Company of Pittsburgh, P.A. & American International Group, Inc., and that the

Tenn. Code Ann. § 29-14-101 *et seq* for a declaration of the rights and obligations of the parties named herein.

4. National Coal brings this suit because Defendants are unfairly seeking addition workers compensation insurance premium. The annual premium due for workers compensation insurance is partially based upon the annual payroll of National Coal and how that annual payroll is allocated into various job classifications. Defendants have unfairly shifted certain portions of National Coal's payroll into different job classifications in order to demand more premium.

5. On or about April 16, 2004, National Coal became covered under an insurance policy issued by the Defendants. Said policy is attached hereto as Exhibit 1 and made a part of this Complaint. National Coal specifically chose Defendants as its insurance carrier and entered into the insurance contract in reliance upon the representations of Defendants and their agents, who estimated the total annual premium to be $697,129.00 based upon National Coal's payroll classifications. A mid-period audit by Defendants resulted in no change in the estimated premium and there was not change in the payroll classifications. Thereafter, in October and November 2004, National coal purchased new interests and closed down an underground mining operation. This information was sent to a broker who then sent the information to Defendants. Defendants then estimated additional premium due for the period at $671,754.00. No payroll was reclassified at that time

6. Despite the forgoing estimates and representations, a post-period audit performed on July 15, 2005 resulted in Defendants shifting payroll into higher premium classifications and a demand for significantly more premium than that which Defendants

Defendants be required to appear and answer this Complaint within the time required by law.

B. That the Court find and declare that Plaintiff owes no further premium under the applicable policy;

C. That the Plaintiff be awarded interest as directed by *Tenn. Code Ann.* § 56-7-315.

D. That the Plaintiff recover treble damages and attorneys fees and costs of this action;

E. That the Plaintiff have such further and other general relief to which it may be entitled.

John B. Dupree (BPR# 017339)
Attorney for the Plaintiff
McGhee, Stewart, Cole, Dupree & Roper, P.A.
709 Market Street
Post Office Box 57
Knoxville, Tennessee 37901-0057
(865) 281-8400

## COST BOND

I acknowledge myself Surety in this cause for the successful prosecution of the party's action, and, in case of failure, for the payment of court costs and taxes which may be awarded against the party, unless in cases and instances specially excepted, as provided by *Tenn. Code Ann.* § 20-12-120.

Surety: _____
John B. Dupree, Attorney

# THE LAW OFFICES OF
# McGEHEE, STEWART,
# COLE, DUPREE & ROPER, P.A.

A Professional Association of Attorneys

Daniel F. McGehee
Keith D. Stewart
R. Deno Cole
John H. Dupree
J. Tyler Roper ‡
John M. Boucher

The Stuart, Suite Two
709 Market Street
Knoxville, Tennessee 37902

Telephone: (865) 281-8400

Facsimile: (865) 281-8162

E-Mail Address:
john.dupree@knoxtnlaw.com

Of Counsel:
Stacy C. Sisco

‡ Also licensed in South Carolina

Mailing Address:
Post Office Box 57
Knoxville, Tennessee 37901-0057

November 27, 2006

Michael Weiss
Lerner & Weiss, P.C.
16000 Ventura Blvd., Suite 1111
Encino, California 91430-2730

**VIA UPS NEXT DAY AIR**

Re: National Union Fire Insurance/National Coal Corporation
National Union File No. 12624

Dear Michael:

Thank you for your November 20, 2007 correspondence. We are not disputing that the 2.8% Increase Limits charge has ever been imposed. We are disputing the amount of the charge set forth on the Audit Advice dated 11/1/06. Specifically, the $46,164.00 is too high given that National Coal has already paid the charge twice. The original quote provided for a charge of $15,597.00 relating to Increased Limits. See Exhibit A. National Coal paid this charge. The 1/7/05 AIWCS Rating Worksheets provided for an additional charge of $30,999.00. See Exhibit B. National Coal paid this charge as well. Therefore, any forthcoming Increased Limits charges due would be associated with additional premium agreed upon by the parties. In this case the addition premium, pursuant to the 11/1/06 Audit Advice, would be $178,398.49 ($224,562.49 - $46,164.00). Hence, 2.8% of $178,398.49 would equate to $4,995.16. The total would then be $183,393.65. This is a compromise figure because, using the 11/1/06 audit advice, the total premium due would be $1,694,877.00. Multiplying this figure by 2.8% equates to $47,456.55. National Coal has already paid $46,596.00. The difference would be $860.55.

We note that the 11/1/06 audit also sets forth a charge in the amount of $64,278.00 for Terrorism Risk. The original quote provided for $21,915.00 in terrorism risk charges. National Coal paid this amount. The 1/7/05 Rating Worksheet provided for $43,405.00 in terrorism risk charges. National Coal paid this amount as well. Total payments to date for terrorism risk equates to $65,320.00. Now AIG is seeking an additional $64,278.00.

Michael Weiss
November 27, 2006
Page Two

The gamesmanship is at an end. Enclosed please find a check in the amount of $183,393.65. This amount represents National Coal's offer of settlement in the above-referenced matter. If AIG chooses to accept our offer, then AIG may negotiate the check and this matter will be concluded. If AIG does not accept this offer, please advise immediately.

Also enclosed please find a courtesy copy of the suit that we filed against AIG and National Union last Monday. If you accept our offer, I will immediately dismiss the suit. If you reject our offer, please file your Answer as soon as reasonably possible.

Should you have any questions or comments, please feel free to give me a call.

Very truly yours,

John B. Dupree

JBD/prd

cc: Charles Kite