UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NATIONAL COAL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CV-49 |
| | ) | (VARLAN/SHIRLEY) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A. and AMERICAN INTERNATIONAL GROUP, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | ) ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL COAL CORPORATION, | ) | |
| | ) | |
| Counterdefendant. | ) | |

**MEMORANDUM AND ORDER**

This diversity action involves a dispute over the amount of workers compensation premiums due by plaintiff to the defendants. It was removed to this Court from the Chancery Court for Campbell County on the basis of diversity of citizenship, 28 U.S.C. § 1332. Currently pending is plaintiff's motion to enforce the settlement agreement purportedly entered into by the parties [Doc. 8]. Also pending is plaintiff's motion for summary judgment which raises exactly the same issues and seeks exactly the same relief [Doc. 14].

Because the two motions are virtually identical, the Court will consider only the merits of the motion to enforce the settlement agreement, which was filed first. For the reasons that follow, the motion to enforce the settlement agreement [Doc. 8] will be GRANTED and the motion for summary judgment will be DENIED AS MOOT..

## I. Factual Background

The following factual background is taken from the affidavits and exhibits submitted by the parties and is not in dispute.

On March 18, 2007, T. Michael Love, a Senior Vice President and Chief Financial Officer for National Coal Corporation sent the following letter to Leonard D. Lerner, counsel for National Union Fire Insurance Company which indicates that negotiations for the settlement of this case were ongoing. The letter reads as follows:

> Re: National Union Fire Insurance Co./National Coal Corporation
> National Union File No. 12624
>
> Dear Mr. Lerner:
>
> I apologize that I wasn't able to get an answer to your previous counter-offer of $325,000 before you caught your plane home on Friday. Our management team has had some discussion on the subject since we last spoke and although I'm not prepared to accept this counter offer, I am prepared to improve upon my last offer.
>
> I am currently authorized to offer National Union Fire Insurance Co. the amount of $300,000 in full and final settlement of this matter. It was not an easy decision on our part to go this figure and, as you noted in your last letter to me with regard to your client, there isn't much further movement that we

2

will be able to justify. We hope that this compromise will be acceptable to your client.

Once again, I appreciate your time and effort in working through this with National Coal and with your client.

. . .

Exhibit A to Affidavit of T. Michael Love.

The affidavit of Mr. Love states in relevant part as follows:

. . .

2. I am Chief Financial Officer for National Coal Corporation and authorized to make oath on behalf of National Coal Corporation.

3. I am familiar with the proceedings with National Union Fire Insurance Company of Pittsburgh, PA (hereinafter: National Union") and American International Group, Inc. (hereinafter "AIG") leading up to the present above-captioned litigation. Affiant, on behalf of National Coal Corporation, extended a $300,000.00 offer of settlement for the above-referenced matter to Leonard Lerner, counsel for National Union and AIG, on March 18, 2007 - during the pendency of the present litigation. Said offer of settlement is embodied in the correspondence attached hereto as Exhibit 1. On March 21, 2007, in response to this offer, Mr. Lerner called me on the telephone and orally accepted the offer of settlement in its entirety.

4. On March 23, 2007, Mr. Lerner called me on the telephone and advised me that due to a regulatory action by an unnamed regulator for the State of Tennessee, he would have to put the settlement on hold until he could determine what the situation was at National Union. He also stated that certain high ranking officials at National Union were upset over the regulatory action to which he referred. I was never provided with a clear indication of what that regulatory action was nor what regulatory agency was instigating the action.

> 5. During the week ended April 6, 2007, Mr. Lerner left me a voice mail asking me to call him. I was on vacation and called back on April 9, 2007. At that time, he reiterated his previous statements without any additional detail, saying that he still hadn't been able to accomplish what he perceived as being necessary to move forward with the settlement. He said he would call me back within the next day or two, but never did. I left one voice mail message as a follow up which was never returned.
>
> 6. National Coal Corporation was fully prepared to pay the $300,000.00 settlement amount promptly after acceptance. National Coal Corporation desires to settle the above-captioned dispute for the agreed upon amount of $300,000.00 and is prepared to pay same promptly upon Order of this honorable Court enforcing the settlement agreement.

Affidavit of T. Michael Love.

The defendants have submitted the Affidavit of Leonard D. Lerner, which states the following:

> 1. I am Leonard D. Lerner and I live in Tarzana, Los Angeles County, California. I am over the age of eighteen (18) years, and I am capable and competent to make this Affidavit. I have personal knowledge of the facts herein and each of these facts is true and correct.
>
> 2. I am legal counsel for National Union Fire Insurance Company of Pittsburgh, P.A. (hereinafter "National Union") and American International Group, Inc. (hereinafter "AIG") with reference to the above matter and I have personal knowledge thereof.
>
> 3. I am a partner in the firm of Lerner and Weiss.
>
> 4. The Law Offices of Lerner and Weiss are located in Woodland Hills, California.

> 5. At all times during the March 21, 2007 telephone conversation with Michael Love referenced in plaintiff's motion, I was in my office in Woodland Hills, California.

Affidavit of Leonard D. Lerner.

The Court notes that Mr. Lerner in no way denies that he orally accepted on behalf of his clients the offer of settlement in its entirety. Defendants contend that no enforceable settlement was being entered into because of the indefiniteness of the terms of agreement and the lack of a writing setting out those terms. They contend that this result is correct whether Tennessee or California law applies. Plaintiffs contend that the settlement agreement is enforceable under either Tennessee or California law.

## II.     The Law Regarding Settlement Agreements in California and Tennessee.

Pursuant to California Code of Civil Procedure § 664.6, upon motion the court may enter judgment pursuant to the terms of a settlement agreement only if the agreement is in a signed writing by the parties outside the presence of the court or is made orally before the court (Cal. C. C. P. § 664.6). However, under California law § 664.6 is not exclusive but is rather an expeditious, valid alternative statutorily created. *Kilpatrick v. Beebe*, 219 Cal. App. 3d 1527, 1529 (1990). Settlement agreements in California may also be enforced by motion for summary judgment, by separate suit in equity or by amendment of the pleadings to raise the settlement as an affirmative defense. Settlement agreements not enforceable under Section 664.6 are governed by the legal principles applicable to contracts in general. In addition, unless a writing is required by the statute of frauds, oral settlement agreements are

enforceable in the same manner as oral agreements in general. *Gorman v. Holte*, 164 Cal. App. 984 (Cal. Ct. App. 1985). To this extent the California law and Tennessee law are in agreement. See *Castelli v. Lien*, 910 S.W. 2d 420, 426-27 (Tenn. Ct. App. 1995). An oral agreement is enforceable, but the party seeking to enforce it must prove (1) mutual assent to the contract's terms, and (2) that the terms are sufficiently definite to be enforceable. Id. at 426-27.

**III.     Analysis**

The United States Court of Appeals for the Sixth Circuit has recognized the well established authority of a district court to enforce settlement agreement pending in litigation before it. *Bamerilease Capital Corp v. Nearburg*, 958 F.2d 150, 152 (6th Cir.), *cert. denied*, 113 S.W. 2d 194 (1992).

To be valid a contract must spell out the allegations of each of the parties with reasonable definiteness. Indefiniteness as to any essential element of the agreement may prevent the creation of an enforceable contract. *Hansen v. Snell*, 11 Utah 2d 64 (1960). Thus contracts must be definite enough to enable a court to ascertain just what is required of the respective parties in the performance thereof. Courts will not uphold agreements which are indefinite and uncertain as to the obligations imposed upon the parties thereto. *Richards v. Oliver*, 162 Cal. App. 2d 548 (1958), quoting *Mag Construction Company v. McLean County* 181 N.W. 718, 721 (N.D. 1970). Moreover, one of the elements essential to the formation of a contract is a manifestation of agreement or mutual assent by the parties to the terms, and

6

the failure of the parties to agree upon or even discuss an essential element of a contract may indicate that the mutual assent requirement to make or modify a contract is lacking. *Allen v. Amber Manor Apartments Partnership*, 95 Ill. App. 3d 541, 549 (1981).

**IV.     Conclusion.**

Upon examination of the affidavits and exhibits the Court is of the opinion that the parties entered into an agreement to settle the present lawsuit upon the payment of $300,000.00 to the defendants. The letter of March 18, 2007 from Mr. Love to Mr. Lerner clearly indicates that the parties had been negotiating, with the defendants making a previous counter offer of $325,000.00. The letter further clearly indicates that Mr. Love was authorized "to offer National Union Fire Insurance Company the amount of $300,000.00 in full and final settlement of this matter." It is also undisputed that on March 1, 2007, in response to this written offer, Mr. Lerner called Mr. Love and "orally accepted the offer of settlement in its entirety." The Court finds that all the terms were established with sufficient and definiteness. The events of record establish that Mr. Lerner accepted on behalf of the defendants the agreement of plaintiff to pay $300,000.00 in full and final settlement of the dispute that is the basis of this lawsuit. There is no evidence to suggest that the payment was to be in anything other than a lump sum nor is there any evidence to suggest that the settlement was to be conditioned upon the actual signing of an agreement, assent by any other persons, or any other conditions. The Court finds that the settlement agreement is enforceable under either Tennessee or California law.

For the reasons set forth herein, the plaintiff's motion to enforce the settlement agreement [Doc. 8] is hereby **GRANTED**. It is hereby **ORDERED** that:

1. Within twenty (20) days from the entry of this memorandum and order, plaintiff shall execute the settlement documents and release; and

2. Upon receipt of the executed settlement documents, defendants shall immediately pay the settlement proceeds to the plaintiff if they have not already done so; and

3. Within thirty (30) days from the entry of this memorandum and order, the parties shall electronically file either a joint stipulation of dismissal with prejudice pursuant to Fed. R. Civ. P. 41 (a)(1) or a proposed order of dismissal with prejudice.

The Court will consider all available remedies for the failure to comply with the terms of this order. Finally, it is ORDERED that plaintiff's motion for summary judgment [Doc. 14] be, and the same hereby is DENIED AS MOOT.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE